**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**STACEY SONTZ**                                          **Case No.**

                    **Plaintiff,**

_____

**v.**

**METROPOLITAN LIFE INSURANCE COMPANY**

**A Foreign Corporation,**

                    **Defendant.**

## COMPLAINT

_____The Plaintiff, STACEY SONTZ, by and through undersigned counsel, hereby sues

METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and alleges:

### GENERAL ALLEGATIONS

1.      This is an action for breach of a contract of disability insurance.

2.      Jurisdiction is claimed pursuant to 29 U.S.C. §1332 et seq. on the basis of

diversity of citizenship.

3.      The Plaintiff, Stacey Sontz, resides in Dade County, Florida and is a citizen

of the State of Florida.

4.      Defendant METLIFE is a New York corporation with its principal place

of business in New York, authorized in the insurance business in the State of Florida.

5.      The amount at issue satisfies the requirements of diversity jurisdiction,

inclusive of reasonable attorneys' fees.

6.      Plaintiff is and was covered at all material times hereto by a disability

insurance underwritten by METLIFE a copy of which is attached as Exhibit "A."

7.      Plaintiff is "disabled" as that term is defined in the in the policy, and is

entitled to disability insurance benefits by virtue of her disability.

8.      Plaintiff has fully exhausted her appeals with UNUM, and all conditions

precedent to payment of benefits have been fully satisfied.

9.      METLIFE has interpreted the policies in its favor and against the insured in

violation of the doctrine of contra proferentem.

10.     METLIFE has disregarded favorable evidence submitted to the detriment of

the insured.

11.     Plaintiff is entitled to disability benefits pursuant to the attached disability

policy.

12.     Because of the Defendant's refusal to pay the benefits due Plaintiff under the

policy, the Plaintiff has been compelled to retain undersigned counsel to prosecute this

action and has become obligated to pay a reasonable attorneys' fee, and has incurred

necessary costs of prosecuting this action.

        **WHEREFORE**, Plaintiff requests judgment against the Defendant for the following:

A.      Damages for past, present, and ongoing disability benefits;

B.      Interest on the claim as allowed by law;

C.      Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

D.      Court costs;

E.      Such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE AS OF RIGHT BY A JURY.**

Respectfully submitted,

 /s **William S. Coffman Jr.**                     **03-24-11**
William S. Coffman, Jr. Esquire             Date
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

**EXHIBIT "A"**